CDF LABOR LAW LLP
  Todd R. Wulffson, State Bar No. 150377
  twulffson@cdflaborlaw.com
  Ashley A. Halberda, State Bar No. 272762
  ahalberda@cdflaborlaw.com
  Alessandra C. Whipple, State Bar No. 308348
  awhipple@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone:  (949) 622-1661

Attorneys for Plaintiff
FOUNDATION BUILDING MATERIALS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDATION BUILDING MATERIALS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>ACTION GYPSUM SUPPLY; ACTION GYPSUM SUPPLY WEST, LP;  FRANK NAVA, an individual; DINO CASILLAS, an individual; TOM JORDAN, an individual; CHRIS OLSON, an individual; MATHEW C. JUNG, an individual; ISRAEL VALDEZ, an individual; JOSE RAMOS, an individual;  JESUS BUSTILLOS, an individual; and DOES 1-10, inclusive,<br><br>            Defendant. | Case No. 8:21-cv-1804 CJC (KESx)<br>Judge: Cormac J. Carney (Magistrate: Karen E. Scott)<br>(Removal from Superior Court of California, County of Orange, Case No. 30-2021-01216783-CU-NP-CJC)<br><br>**PLAINTIFF FOUNDATION BUILDING MATERIALS, LLC'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**1.  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br><br>**2. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br><br>**3. INTENTIONAL INTERFERENCE WITH CONTRACT;**<br><br>**4. UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.;**<br><br>**5. CONVERSION;**<br><br>**6. TRESPASS TO CHATTELS**<br><br>Action Filed:  October 29, 2021 |

1

1919917.1

1    Plaintiff Foundation Building Materials, LLC ("Plaintiff" or "FBM") brings

2 this Complaint against Defendants Action Gypsum Supply ("AGS TX"), Action

3 Gypsum Supply West, LP ("AGS CA"); Frank Nava ("Nava"), Dino Casillas

4 ("Casillas"), Tom Jordan ("Jordan"), Chris Olson ("Olson"), Mathew C. Jung

5 ("Jung"), Israel Valdez ("Valdez"), Jose Ramos ("Ramos"), Jesus A. Bustillos

6 ("Bustillos") and Does 1 through 10, inclusive, (collectively referred to herein as

7 "Defendants") and alleges as follows:

8    **PARTIES, VENUE AND GENERAL ALLEGATIONS**

9    1.    FBM is, and at all material times has been, a California limited liability

10 company doing business in the State of California, headquartered at 2520 Red Hill

11 Avenue in the City of Santa Ana, the County of Orange, in the State of California.

12    2.    AGS TX is, and at all material times has been, a Texas limited

13 partnership headquartered at 9635 West Little York in the City of Houston, the

14 County of Harris, in the State of Texas, and doing business in the State of California

15 in the cities of Long Beach, Chino and Hayward.  FBM is informed and believes that

16 AGS TX committed, or in substantial part committed, the unlawful acts giving rise to

17 this action in Orange County, California.

18    3.    AGS CA is, and at all material times has been, a California limited

19 partnership headquartered at One Ridgegate Dr., Suite 205, Temecula, California

20 92590, and doing business in the State of California in the cities of Long Beach,

21 Chino and Hayward. FBM is informed and believes that AGS CA committed, or in

22 substantial part committed, the unlawful acts giving rise to this action in Orange

23 County, California. (AGS TC and AGS TX collectively referred to as "AGS").

24    4.    Nava is, and at all material times has been, a former employee of FBM

25 and then an employee of AGS in the city of Chino, in the County of San Bernardino,

26 in the state of California. FBM is informed and believes that Nava has committed, or

27 in substantial part committed, the unlawful acts giving rise to this action.

28 ///

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

5.      Casillas is, and at all material times has been, an employee of AGS in the city of Chino, in the County of San Bernardino, in the state of California. FBM is informed and believes that Casillas has committed, or in substantial part committed, the unlawful acts giving rise to this action.

6.      Jordan is, and at all material times has been, an employee of AGS in the city of Chino, in the County of San Bernardino, in the state of California. FBM is informed and believes that Jordan has committed, or in substantial part committed, the unlawful acts giving rise to this action.

7.      Olson is, and at all material times has been, an employee of AGS in the city of Chino, in the County of San Bernardino, in the state of California. FBM is informed and believes that Olson has committed, or in substantial part committed, the unlawful acts giving rise to this action.

8.      Jung is, and at all material times has been, a former employee of FBM and then an employee of AGS, and a resident of Centennial, in the County of Arapahoe, in the state of Colorado. FBM is informed and believes that Jung has committed, or in substantial part committed, the unlawful acts giving rise to this action.

9.      Valdez is, and at all material times has been, an employee of FBM and then an employee of AGS, and a resident of Anaheim, in the County of Orange, in the state of California. FBM is informed and believes that Valdez has committed, or in substantial part committed, the unlawful acts giving rise to this action in Orange County, California.

10.     Ramos is, and at all material times has been, a former employee of FBM and then an employee of AGS, and a resident of the County of Alameda, in the state of California. FBM is informed and believes that Ramos has committed, or in substantial part committed, the unlawful acts giving rise to this action.

11.     Bustillos is, and at all material times has been, an employee of AGS, and resident of Desoto, in the County of Dallas, in the state of California. FBM is

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

1  informed and believes that Bustillos has committed, or in substantial part committed,

2  the unlawful acts giving rise to this action.

3      12.    FBM invests substantial time and money into training its employees,

4  including its sales team, operations managers, project managers, drivers, stockers,

5  operations personnel, and workers, to enable them to develop strong relationships

6  with clients and others in the construction building materials industry.  As part of this

7  investment, FBM entrusts its employees, including but not limited to its management

8  employees, with confidential business information regarding its products,

9  compensation, client and employee contact information, and business plans.

10     13.    Armed with this confidential information and for its own personal gain,

11 AGS, a direct competitor of FBM, orchestrated a premeditated plan to interfere with

12 FBM's business relationships and to induce FBM employees to abandon their

13 employment, specifically targeting FBM's top sales performers and operations

14 managers in key locations and territories. AGS' employees, acting as recruiting

15 assets, have shown up at FBM worksites, including those located in Orange County,

16 solicited FBM employees to immediately terminate their employment with FBM.

17 AGS has encouraged FBM employees to abandon their work for FBM, telling FBM

18 employees to provide no more than mere minutes of notice, and commence

19 employment immediately with AGS, FBM's direct competitor.  As a result of AGS'

20 unlawful conduct, FBM was forced to pay significant overtime and other retention

21 related compensation to its remaining employees to ensure project completion and

22 other contractual deadlines were achieved. Further, AGS deprived FBM of the ability

23 to provide products (such as in-demand and scarce plaster products) to its customer

24 base by orchestrating a midnight sale of these products to AGS via an unauthorized

25 sale and transfer by an AGS-bound FBM employee. As a result, FBM had to turn

26 multiple customers away when they requested to purchase these plaster products that

27 FBM no longer had in its inventory, resulting in a loss of sales and goodwill with

28 FBM's customers. Although FBM's investigation is still underway, in the aftermath

4

1919917.1

1  of these solicitations, it is clear that AGS' targeted and orchestrated attack on FBM's

2  business operations was, and continues to be, carried out through intentional

3  wrongful acts.

4      14.    The true names and capacities, whether a corporation, agent, individual,

5  or otherwise, of Defendants Does 1 through 10, are unknown to FBM who therefore

6  sues said Defendants by such fictitious names.  Each Defendant designated herein as

7  a Doe is negligently or otherwise legally responsible in some manner for the events

8  and happenings referred to in this Complaint and thereby proximately caused injuries

9  and damages to FBM as alleged.  FBM will seek leave of Court to amend this

10  Complaint to show their names and capacities when they have been ascertained.

11      15.    At all material times, Does 1 through 10 were the agents,

12  representatives, employees, successors and/or assigns of Action and were acting

13  within the course and scope of their authority as such agents, representatives,

14  employees, successors and/or assigns.

15      16.    Under California *Code of Civil Procedure* § 395(a), venue is proper in

16  the above-entitled Court, because certain of the acts and omissions giving rise to the

17  causes of action in this Complaint occurred or arose in the County of Orange,

18  California.

19      17.    FBM is informed and believes that the Defendants committed other

20  wrongful acts or omissions of which FBM is presently unaware.  FBM shall conduct

21  discovery to identify said wrongful acts and will seek leave of Court to amend this

22  Complaint to add said acts upon discovery.

23          **FACTS COMMON TO ALL CAUSES OF ACTION**

24      18.    FBM is an industry leading building materials distribution company,

25  with over 250 locations across the United States and Canada.

26      19.    AGS is a building materials supplier with locations throughout

27  California, Arizona, Colorado, Nevada, and Texas, and given the nature of its

28  business, AGS is a competitor of FBM in the building materials industry.

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

20.     FBM is informed and believes that Frank Nava is the Director of Sales for AGS and has been using his personal residence to unlawfully solicit FBM employees using FBM confidential and proprietary information to induce FBM employees to leave their employment through promises of a large bonus structure, higher compensation, and a car allowance, none of which would materialize when employees did quit their employment at FBM and commence working at AGS. Further, Nava conspired with other AGS employees (the majority of whom are former FBM employees), including Vice President of Operations, Tom Jordan, Director of Operations, Dino Casillas, Quote Coordinator, Chris Olson, to concoct a scheme for FBM employees, including Daniel Avila and James Salg, to quit their employment with FBM, without notice in the morning and begin work at AGS that same day.

21.     FBM is informed and believes that current AGS employee, Israel Valdez, a former management employee and Product Manager for Southern California, while still employed with FBM, acted in concert with other AGS management employees to use FBM's confidential and proprietary information, including, but not limited to, the salary, bonus and sales information (including prospective sales information) of other FBM employees to which he was only privy given his position of confidence as a management employee at FBM, to recruit and to induce, from the inside and while still working at FBM, other FBM employees, including, but not limited to, Pam Henley, Dennis Dessaints, Troy Daratha, Daniel Avila, Pat Lane, Antonio Escobedo, James Chianese, Hugo Prado, Innocencio Aguirre, Luis Bustillos, Richard Groen, Valeriano Castaneda, Lodegario Pelayo, Christian Zarate, Luis Hernandez, Adrian Corona Garcia, Enrique Barriga, Eduardo Del Leon, Carlos Barriga, Jonathan Villa Magana, Osiris Pahuamba, Ernesto Rodriguez, Jamie Lozano, Jose Soto, Abraham Ortiz, and Donald Dessaints to quit their employment with FBM with no notice, and to join AGS, by fraudulently inducing FBM employees to leave their employment with FBM based on false

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

promises of better compensation and a larger bonus structure at AGS – none of which ever materialized when employees did quit their employment and joined AGS. Valdez was only aware of the confidential salary information and the sales data and resulting bonus information of other FBM employees as a result of the Product Manager- Southern California territory position that he held at FBM.  Indeed, Valdez, a management-level employee of FBM, divulged the salary information of other FBM employees to AGS to arm his new employer, AGS, with the information necessary to steal FBM employees away and unlawfully recruit them to start working for AGS. In particular, FBM is informed and believes that AGS cherry-picked select FBM employees who were working on select FBM projects to target, solicit and recruit to leave their employment with FBM, with the specific intent to harm FBM's existing projects and to hinder FBM's ability to complete those projects or divert project work to AGS (such as by inducing customers to permit AGS to staff ongoing FBM projects with the labor that FBM no longer had due to AGS' unlawful solicitation efforts), creating a mass lift-out of FBM personnel from key projects based on AGS' use of FBM's confidential information that was divulged to AGS by FBM's former management employees, such as Valdez. FBM is informed and believes that Valdez attempted to solicit Juan Castaneda to leave his employment with FBM, and during this solicitation, Valdez told Castaneda that he obtained Castaneda's personal cell phone number from Valdez's FBM-issued phone – private contact information entrusted to and obtained by Valdez's during his employment with FBM based on the confidential personnel information to which he had access as a management employee of FBM. Further, FBM is informed and believes that Valdez told FBM employees that "everyone was leaving FBM," implying that FBM would not continue to be a going concern, to induce employees into leaving their employment with FBM.

22.    In addition, Israel Valdez, FBM's then Product Manager- Southern California , who had access to FBM's allocated materials and in-demand inventory

effectuated a transfer of over $45,000 worth of FBM products to AGS that were on allocation due to their scarce availability at the time on or about May 27, 2021, the eve of his resignation – which he submitted at approximately 5 a.m. on the morning of May 28, 2021, without providing any notice. Importantly, the products sold to AGS by Valdez on the eve of his resignation, included products, such as plaster-related goods, that have been scarcely available due to global supply chain and production issues. Due to the extremely limited availability of these products, every sale was tracked and every product managed to ensure sufficient supply was maintained for FBM's customer base, however, large sales of products on allocation (especially sales to a direct competitor) – were strictly prohibited. As the Product Manager for Southern California, Valdez was well-aware of this policy. Valdez never sought approval of the sale of FBM's products to AGS, rather, he processed the sale mere hours before his departure knowing that such a clandestine transaction would never have been approved by FBM. As a result of this unauthorized sale, FBM was unable to provide its customer base with these in-demand products during a critical time in the market, and these customers were then forced to seek these products and related project services from another provider – including AGS. FBM was deprived of the opportunity to sell products to its existing and prospective customer base as a result of Valdez's and AGS' scheme to deprive FBM of its core, limited available, products.  This resulted in a loss of sales to FBM, as well as a loss of goodwill with FBM's customers, as FBM's customers could no longer rely on FBM to provide them with the products necessary to fuel their business and projects, and FBM's customers were required to rely on FBM's competitors, such as AGS, to provide such materials.

23.    FBM is informed and believes that AGS has injured FBM and caused it to suffer substantial harm, proximately caused by its wrongful conduct.  Among other things, FBM is informed and believes that AGS, through and by its agents, Nava, Valdez, Olson, Casillas, Bustillos, Ramos, Jung, and others, has

1919917.1

misappropriated and used FBM's confidential and propriety information, including but not limited to the confidential salary, contact, bonus and sales information of other employees, as well as FBM's inventory lists, that were acquired from former FBM management-level employees, including Valdez and Ramos, to divert existing employees, as well as other prospective economic opportunities, including prospective projects and jobs that FBM was unable to staff and provide product for due to AGS' selective and confidential pilfering of FBM employees and FBM materials, away from FBM.

24.    In addition, FBM is informed and believes that AGS has sent its own employees, including Bustillos, to FBM active jobsites and/or branch locations, and is using FBM's confidential salary and benefit information wrongfully obtained from recruited FBM employees who had access to the confidential salary, benefit and sales information of other FBM employees by way of their management positions at FBM, to induce those FBM employees to quit their employment on the spot, encouraging employees to provide no more than mere minutes of notice, and inducing prospective FBM employees into employment with AGS, which has caused and continues to cause significant disruption to FBM's business operations, including, but not limited to, its order fulfillment, deliveries and contracts.  FBM is informed and believes that AGS's employees, including Bustillos, wait for FBM employees near the FBM clock-in/clock-out location of a jobsite, and use FBM's confidential salary and benefit information, FBM and its agents induce these employees to quit their employment with FBM with the specific intent to harm FBM's existing projects and to hinder FBM's ability to complete those projects, creating a mass lift-out of FBM personnel from key projects based on AGS' use of FBM's confidential information that was divulged to AGS by FBM's former management employees. In one such instance, Ramos, diverted work on the Hayward Fire Station project – a project for a longtime customer of FBM which he oversaw for the greater part of 2021 while a FBM manager – from FBM to AGS upon his departure, and then staffed the project

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

with recently solicited former FBM employees who were working for AGS, such that FBM was no longer providing the labor for the project for a period of time. It is FBM's belief that AGS' injurious misuse and dissemination of FBM's confidential and proprietary information will remain unabated, continuous, and ongoing without injunctive relief from this Court.

25.    In addition, FBM is informed and believes that AGS, through and by its agents, including Nava, Valdez, Olson, Casillas, Bustillos, Ramos, and Jung, is using FBM's confidential salary and benefit information of other employees wrongfully obtained from recruited FBM employees who had access to such confidential information of other employees by way of their positions at FBM through access to FBM's systems, to induce salespersons in key locations, including in California, into leaving their employment with AGS, through illusory promises of higher compensation.

26.    FBM is informed and believes that Ramos, subsequent to his resignation from FBM, took one of FBM's JLG Reachlifts from an active FBM construction site to his family's property, depriving FBM of access to and use of the JLG lift.

27.    FBM is informed and believes that AGS has committed other wrongful acts against FBM not described in this Complaint, but which relate to AGS's tortious interference with FBM's business operations and solicitation of employees.  FBM will seek leave of court to amend this Complaint to include all additional facts and causes of action that are appropriate.

## **FIRST CAUSE OF ACTION**

### **Intentional Interference with Prospective Economic Advantage**
### **(Against all Defendants)**

28.    FBM incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

29.    At all relevant times, FBM was in economic relationships, including, but not limited to, relationships with existing and prospective employees and clients,

10

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  that likely would have resulted in an economic benefit to FBM.  AGS was well

2  aware of these business relationships.

3      30.    Through the acts and conduct described in paragraphs 1 through 27

4  above, AGS by and through its agents Nava, Olson, Valdez, Casillas, Bustillos, Jung,

5  and Ramos, deliberately and intentionally disrupted and interfered with FBM's

6  business and employment relationships, including but not limited to causing existing

7  and/or prospective employees and/or clients to change their business relationship

8  with FBM as a result of AGS's wrongful conduct.  Among other things, FBM is

9  informed and believes that AGS used FBM's confidential employee compensation,

10  benefit information, and sales data that was wrongfully obtained from recruited FBM

11  management-level employees who had access to this confidential information of

12  other FBM employees by way of their positions at FBM to fraudulently induce FBM

13  employees to join AGS based on false promises of higher pay and perquisites, in

14  order to groom them for solicitation, that AGS did so solicit or caused its co-

15  conspirators and agents to solicit FBM employees, and that one or more of these

16  employees subsequently diverted their employment away from FBM as a result of

17  those discussions and solicitations.  In particular, AGS by and through its agents

18  Nava, Olson, Valdez, Casillas, Bustillos, Jung, and Ramos, utilized FBM's

19  confidential salary, benefit and sales information to induce FBM's employees,

20  including, but not limited to, Pam Henley, Dennis Dessaints, Troy Daratha, Daniel

21  Avila, Pat Lane, Antonio Escobedo, James Chianese, Hugo Prado, Innocencio

22  Aguirre, Luis Bustillos, Richard Groen, Valerianlo Castaneda, Lodegario Pelayo,

23  Christian Zarate, Luis Hernandez, Adrian Corona Garicia, Enrique Barriga, Eduardo

24  Del Leon, Carlos Barriga, Jonathan Villa Magana, Osiris Pahuamba, and Ernesto

25  Rodriguez, to immediately quit their employment with FBM and join AGS based on

26  false promises of higher compensation and bonuses – information that was only

27  known to AGS because FBM's former management-level employees, such as

28  Valdez, Ramos and Jung who are now employed by AGS, divulged to AGS and/or

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

utilized for AGS' benefit, the confidential salary, benefit and sales information of these other FBM employees that they only had knowledge of and access to by way of their positions of confidence and trust at FBM.  Indeed, Valdez, in particular, a management-level employee of FBM, divulged the salary information of these other FBM employees to AGS to arm his new employer, AGS, with the information necessary to steal these FBM employees away and unlawfully recruit them to start working for AGS. In particular, FBM is informed and believes that AGS cherry-picked select FBM employees who were working on select FBM projects to target, solicit and recruit to leave their employment with FBM, with the specific intent to harm FBM's existing projects and to hinder FBM's ability to complete those projects, creating a mass lift-out of FBM personnel from key projects based on AGS' use of FBM's confidential information that was divulged to AGS by FBM's former management employees, such as Valdez and Ramos. Further, Valdez a high-level manager, armed with knowledge of supply chain issues and the need to preserve allocated product, deprived FBM of the ability to sell product and related project services to its existing customer and prospective customer based due to the unauthorized sale of high demand plaster products to AGS mere hours before his resignation. As a result, FBM had to turn away sales and services to these customers and prospective customers, incurring significant financial loss, as well as losing the good will of its current and potential customers who were forced to turn to FBM's competitors, such as AGS, for these products and services. Valdez also diverted work from FBM's existing projects to AGS upon his resignation, induced employees from FBM to quit without notice and join AGS, working on the same projects they were working at while FBM employees.

31.    As a direct and proximate result of AGS's wrongful actions, FBM's relationships with clients, prospects, and employees were disrupted, and FBM has suffered damages according to proof, in excess of the jurisdictional minimum of this Court.

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1919917.1

32.    FBM is informed and believes that AGS's above-described wrongful conduct is ongoing, and that FBM will suffer irreparable harm if AGS is not prevented from continuing to engage in such conduct.  As a result, injunctive relief is required in order to prevent any further harm to FBM.

33.    The acts and conduct of AGS described in this Complaint are despicable, oppressive, fraudulent, malicious, and committed in bad faith and in reckless and conscious disregard of FBM's rights, such that FBM is consequently entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### Negligent Interference with Prospective Economic Advantage

### (Against all Defendants)

34.    FBM incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

35.    At all relevant times, FBM was in economic relationships, including, but not limited to, relationships with existing and prospective employees and clients, that likely would have resulted in an economic benefit to FBM.

36.    Through the acts and conduct described in paragraphs 1 through 27 above, AGS by and through its agents Nava, Olson, Valdez, Casillas, Bustillos, Jung, and Ramos, disrupted and interfered with FBM's business and employment relationships, including but not limited to causing existing and/or prospective employees and/or clients to change their business relationship with FBM as a result of AGS's wrongful conduct.  Among other things, FBM is informed and believes that AGS used FBM's confidential employee compensation, benefit information, and sales data that was wrongfully obtained from recruited FBM management-level employees who had access to this confidential information of other FBM employees by way of their positions at FBM to fraudulently induce FBM employees to join AGS based on false promises of higher pay, in order to groom them for solicitation, that AGS did so solicit or caused its co-conspirators and agents to solicit FBM

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

employees, and that one or more of these employees subsequently diverted their

employment away from FBM as a result of those discussions and solicitations.  In

particular, AGS by and through its agents Nava, Olson, Valdez, Casillas, Bustillos,

Jung, and Ramos, utilized FBM's confidential salary, benefit and sales information

to induce FBM's employees, including, but not limited to, Pam Henley, Dennis

Dessaints, Troy Daratha, Daniel Avila, Pat Lane, Antonio Escobedo, James

Chianese, Hugo Prado, Innocencio Aguirre, Luis Bustillos, Richard Groen, Valeriano

Castaneda, Lodegario Pelayo, Christian Zarate, Luis Hernandez, Adrian Corona

Garcia, Enrique Barriga, Eduardo Del Leon, Carlos Barriga, Jonathan Villa Magana,

Osiris Pahuamba and Ernesto Rodriguez, to immediately quit their employment with

FBM and join AGS based on false promises of higher compensation and bonuses –

information that was only known to AGS because FBM's former management-level

employees, such as Valdez, Ramos and Jung who are now employed by AGS,

divulged to AGS and/or utilized for AGS' benefit, the confidential salary, benefit and

sales information of these other FBM employees that they only had knowledge of

and access to by way of their positions of confidence and trust at FBM.  Indeed,

Valdez, in particular, a management-level employee of FBM, divulged the salary

information of these other FBM employees to AGS to arm his new employer, AGS,

with the information necessary to steal these FBM employees away and unlawfully

recruit them to start working for AGS.  Further, Valdez, a high-level manager armed

with knowledge of supply chain issues, deprived FBM's ability to sell product and

related project services to its existing customer and prospective customer based due

to the unauthorized sale of high demand plaster products to AGS on mere hours

before his resignation. As a result, FBM had to turn away sales and services to these

customers and prospective customers, incurring significant financial loss. In addition,

Valdez diverted work from FBM existing projects to AGS upon his resignation,

induced employees from FBM to quit without notice and join AGS, working on the

same projects they were working on while FBM employees.  FBM was prevented

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

1  from providing the labor for its existing projects a such labor was being provided by

2  AGS.

3       37.    FBM is informed and believes that AGS knew or should have known of

4  these relationships.

5       38.    FBM is informed and believes that AGS failed to act with reasonable

6  care and engaged in wrongful conduct by, among other things, utilizing FBM's

7  confidential information to inducing FBM's employees to immediately resign in

8  order to join AGS, its competitor.

9       39.    As a direct and proximate result of AGS's wrongful actions, FBM's

10 relationships with clients, prospects, and employees were disrupted, and FBM has

11 suffered damages according to proof, in excess of the jurisdictional minimum of this

12 Court.

13                          **THIRD CAUSE OF ACTION**

14                    **Intentional Interference With Contract**

15                          **(Against All Defendants)**

16       40.    FBM incorporates by reference the allegations in the above paragraphs

17 as though fully set forth herein.

18       41.    At all relevant times, FBM was in valid and existing contractual

19 relationships with its employees and clients.

20       42.    FBM is informed and believes that AGS by and through its agents Nava,

21 Olson, Valdez, Casillas, Bustillos, Jung, and Ramos, learned of these relationships

22 through improper means and by virtue of its position as a competitor in the building

23 materials industry, as well as by virtue of the confidential information of other FBM

24 employees to which FBM former employees Valdez, Jung and Ramos had access to

25 as management-level employees of FBM.

26       43.    FBM is informed and believes that AGS improperly acquired FBM's

27 confidential information concerning these contractual relationships, including but not

28 limited to, employee salary and benefit information and sales data and related bonus

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1  figures, product supply and anticipated supply information, and utilized this

2  confidential information to interfere with these contractual relationships.

3       44.    FBM is informed and believes that AGS' improper use of FBM's

4  confidential information was intended to disrupt these contractual relationships.

5       45.    FBM is informed and believes that AGS engaged in intentional,

6  wrongful conduct by, among other things, utilizing FBM's confidential information

7  in order to facilitate the disruption of FBM's contractual relationships with FBM's

8  employees and clients.  FBM is also informed and believes that AGS utilized FBM's

9  confidential information to solicit or cause others to solicit FBM employees at FBM

10  work sites to leave FBM in a coordinated dismemberment of FBM's operations.

11  AGS's actions caused, among other things, the resignation of several valuable FBM

12  employees, the deprivation of available products to sell to existing and prospective

13  customers, and the diversion of existing project work from FBM to AGS.

14       46.    As a direct and proximate result of AGS's intentional actions, FBM's

15  relationships with its employees and clients were disrupted.

16       47.    As a direct and proximate result of AGS's intentional actions, FBM has

17  suffered damages in an amount according to proof, in excess of the jurisdictional

18  minimum of this Court.

19       48.    FBM is informed and believes that AGS's above-described wrongful

20  conduct is ongoing, and that FBM will suffer irreparable harm if AGS is not

21  prevented from continuing to engage in such conduct.  As a result, injunctive relief is

22  required in order to prevent any further harm to FBM.

23                          **FOURTH CAUSE OF ACTION**

24  **Unfair Business Practices in Violation of Business and Professions Code §**

25                                **17200, *et seq***

26                    **(Against Defendant AGS TX and AGS CA)**

27       49.    FBM incorporates by reference the allegations in the above paragraphs

28  as though fully set forth herein.

16

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

50.     AGS by and through its agents Nava, Olson, Valdez, Casillas, Bustillos, Jung, and Ramos, has engaged in business acts or practices that are unlawful, unfair, or fraudulent.  AGS has also intentionally interfered with FBM's prospective economic advantages and its contracts by using FBM's confidential salary, benefit and sales information to induce FBM's employees to cease their employment with FBM.  In particular, AGS by and through its agents Nava, Olson, Valdez, Casillas, Bustillos, Jung, and Ramos, utilized FBM's confidential salary, benefit and sales information to induce FBM's employees, including, but not limited to, Pam Henley, Dennis Dessaints, Troy Daratha, Daniel Avila, Pat Lane, Antonio Escobedo, James Chianese, Hugo Prado, Innocencio Aguirre, Luis Bustillos, Richard Groen, Valerianlo Castaneda, Lodegario Pelayo, Christian Zarate, Luis Hernandez, Adrian Corona Garicia, Enrique Barriga, Eduardo Del Leon, Carlos Barriga, Jonathan Villa Magana, Osiris Pahuamba and Ernesto Rodriguez, to immediately quit their employment with FBM and join AGS based on false promises of higher compensation and bonuses – information that was only known to AGS because FBM's former management-level employees, such as Valdez, Ramos and Jung who are now employed by AGS, divulged to AGS and/or utilized for AGS' benefit, the confidential salary, benefit and sales information of these other FBM employees that they only had knowledge of and access to by way of their positions of confidence and trust at FBM.  AGS and its agents also utilized the private contact information of FBM's employees known only to AGS and its agents by virtue of Valdez, Jung and Ramos' former positions at FBM and their access to FBM's confidential information and systems, to contact FBM's employees on their personal cell phone numbers to solicit them to join AGS.  Further, Valdez, a high-level manager armed with knowledge of supply chain issues, deprived FBM's ability to sell product and related project services to its existing customer and prospective customer base due to the unauthorized sale of high demand plaster products to AGS  mere hours before his resignation. As a result, FBM had to turn away sales and services to these customers

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1919917.1

1  and prospective customers, incurring significant financial loss. In addition, Valdez
2  diverted work from FBM existing projects to AGS upon his resignation, induced
3  employees from FBM to quit without notice and join AGS, working on the same
4  projects they were working at while FBM employees.

5      51.    FBM is likely to be unfairly disadvantaged by AGS's business acts and
6  practices because FBM directly competes with AGS.  The harm to FBM outweighs
7  the utility of AGS's deceptive and underhanded business acts and practices.

8      52.    FBM is informed and believes that AGS has acquired ill-gotten money,
9  benefits, and/or property as a direct and proximate result of its wrongful actions and
10  unfair business practices.  Thus, FBM seeks restitution in an amount to be
11  determined according to proof.

12      53.    FBM is informed and believes that AGS's above-described wrongful
13  conduct is ongoing, and that FBM will suffer irreparable harm if AGS is not
14  prevented from continuing to engage in such conduct.  As a result, injunctive relief is
15  required in order to prevent any further harm to FBM.

16                          **FIFTH CAUSE OF ACTION**
17                                **Conversion**
18                      **(Against Defendant Jose Ramos)**

19      54.    FBM incorporates by reference the allegations in the above paragraphs
20  as though fully set forth herein.

21      53.    FBM had the right to possession of the property; namely, a JLG
22  Reachlift that had been leased to and/or owned by FBM.

23      54.    Ramos took possession of the property that was owned by FBM and
24  used and/or kept it without FBM's consent.

25      55.    As a result of Ramos' wrongful conversion of the property, FBM was
26  deprived of use of the JLG Reachlift and was damaged by delays to construction and
27  other significant disruption to its business operations.

28  ///

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

56.    Ramos acted with fraud, oppression and malice and an award of punitive damages is warranted.

### SIXTH CAUSE OF ACTION

### Trespass to Chattels

### (Against Defendant Jose Ramos)

57.    FBM incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

58.    FBM had the right to possession of the property; namely, a JLG Reachlift, that had was owned by FBM.

59.    Ramos took possession of the property that had been purchased by FBM and used it without FBM's consent.

60.    While Ramos was in possession of the property, the property was damaged and impaired, and/or not returned, and FBM was deprived of use of the JLG lift at its construction sites, causing construction delays and other disruption to FBM's business operations.

61.    As a result of Ramos' wrongful trespass concerning the property, FBM was damaged by delays to construction and other significant disruption to its business operations.

62.    Ramos acted with fraud, oppression and malice and an award of punitive damages is warranted.

### PRAYER FOR RELIEF

WHEREFORE, FBM respectfully requests an award in its favor as follows:

1.    A Preliminary Injunction and a Permanent Injunction, pursuant to which Defendants, directly or indirectly, and whether alone or in concert with others, including any officers, agents, employees and/or representatives, shall be enjoined and restrained from soliciting, inducing, recruiting and/or encouraging employees of FBM to terminate their employment with FBM to join a competitor in the building materials industry;

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

2.      For special, compensatory, incidental, consequential, and nominal damages;

3.      For restitution;

4.      For punitive damages;

5.      For reasonable attorney's fees;

6.      For costs of suit; and

7.      For such other and further relief as the Court may deem proper.

Dated:  January 14, 2022          CDF LABOR LAW LLP

By: _____
                                    Todd R. Wulffson
Attorneys for Plaintiff
FOUNDATION BUILDING MATERIALS, LLC

20

PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1919917.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On January 14, 2022, I served upon the interested party(ies) in this action the following document described as: PLAINTIFF FOUNDATION BUILDING MATERIALS, LLC'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

By the following method:

| | |
|---|---|
| Patrick N. Downes | Brian J. Hamilton |
| SCHIFF HARDIN LLP | SCHIFF HARDIN LLP |
| 5000 Birch St. West Twr. 3000 | 4 Embarcadero Center, Suite 1350 |
| Newport Beach, CA 92660 | San Francisco, CA 94111 |
| Tel: (415) 901-8700 | Tel: (415) 901-8700 |
| FAX: (415) 901-8701 | FAX: (415) 901-8701 |
| E-MAIL: pdownes@schiffhardin.com | E-MAIL: bhamilton@schiffhardin.com |

[X]  **(By court order)**  Based on a court order to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 14, 2022, at Irvine, California.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Marina Ortega | *Marina M. Ortega* |
| (Type or print name) | (Signature) |

CDF Labor Law LLP

1919917.1

21

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE