UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 21-01804-CJC(KESx)                    Date:  February 3, 2022

Title: <u>FOUNDATION BUILDING MATERIALS, LLC V. ACTION GYPSUM SUPPLY, *ET AL.*</u>

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

<u>Rolls Royce Paschal</u>                              <u>    N/A    </u>
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT REMAND THIS CASE TO ORANGE COUNTY SUPERIOR COURT**

Plaintiff Foundation Building Materials, LLC brings this action alleging various state law claims, including intentional and negligent interference with prospective economic advantage, intentional interference with contract, violation of California's Unfair Competition Law, conversion, and trespass to chattels.  (Dkt. 18 [Plaintiff's Second Amended Complaint, hereafter "SAC"].)  Plaintiff's Original Complaint was filed solely against Defendant Action Gypsum Supply, LP ("AGS Texas") on August 18, 2021.  (Dkt. 1-1 [Original Complaint].)  Because certain pages were missing from Plaintiff's Original Complaint, Plaintiff filed an amended complaint in Orange County Superior Court on September 1, 2021.  (Dkt. 1-2 [Plaintiff's First Amended Complaint].)  On October 29, 2021, AGS Texas removed the action to this Court.  (Dkt. 1 [Notice of Removal].)  AGS Texas removed the action based on the Court's diversity jurisdiction, explaining that it is a citizen of Texas and Plaintiff, an LLC whose sole member resides in California, is a California citizen.  (Notice of Removal at ¶¶ 15-17.)

On November 19, 2021, AGS West filed a motion to dismiss Plaintiff's entire case.  (Dkt. 12 [First Motion to Dismiss].)  Plaintiff's counsel filed a declaration along with

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 21-01804-CJC(KESx)                    Date:  February 3, 2022
                                                                        Page 2

---

Plaintiff's opposition that explained the procedural history of this case.  (Dkt. 15-1 [Declaration of Ashley A. Halberda, hereafter "Halberda Decl."].)  As explained above, when Plaintiff originally filed its complaint in state court on August 18, 2021, it errantly left out the second and third pages of the Original Complaint.  (*Id*. ¶¶ 2-3.)  Plaintiff attempted to submit the complete version of its Original Complaint on August 20, 2021, but the court rejected the filing and ordered Plaintiff to submit the Original Complaint as an Amended Complaint.  (*Id*. ¶¶ 4-5.)  Plaintiff thereafter filed its First Amended Complaint, which was just the complete version of its Original Complaint.  (*Id*. ¶ 6.)  On September 29, 2021, FBM filed a Second Amended Complaint in state court that named several individual defendants who are California residents.  (*Id*. ¶ 7.)  However, on September 30, 2021, the state court rejected the filing because Plaintiff had already filed a First Amended Complaint and needed to seek leave of court before filing the Second Amended Complaint.  (*Id*. ¶ 8.)  On October 15, 2021, Plaintiff sought the state court's leave to file the Second Amended Complaint via an *ex parte* application.  (*Id*. ¶ 9.)  The state court denied the application because Plaintiff failed to include a copy of the Second Amended Complaint with the application.  (*Id*.)  Between October 18 and October 29, 2021, Plaintiff tried to get AGS West to stipulate to Plaintiff's filing of the Second Amended Complaint.  (*Id*. ¶ 10.)  On October 29, 2021, AGS West refused to stipulate and removed the action to this Court that same day.  (*Id*. ¶ 11; Notice of Removal.)

In its opposition to the First Motion to Dismiss, Plaintiff requested leave to amend to file the Second Amended Complaint.  (Dkt. 15 [Plaintiff's Opposition to AGS West's Motion to Dismiss].)  The Court granted AGS West's motion, noting several deficiencies in Plaintiff's First Amended Complaint, but granted Plaintiff leave to amend.  (Dkt. 17 [Order Granting Motion to Dismiss with Leave to Amend].)  Plaintiff filed the Second Amended Complaint on January 14, 2022.  (SAC.)  The SAC names several individual defendants who, like Plaintiff, are alleged to be citizens of California.  (*Id*. ¶¶ 1-11.)

The Court is of the view that it now lacks diversity jurisdiction over this matter given that Plaintiff and some of the newly-named Defendants are both California citizens.  (*See, e.g.*, *id*. ¶¶ 1, 9.)  28 U.S.C. section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."  28 U.S.C. § 1447(e); *see also Jackson v. Fam. Dollar, Inc.*, 2018 WL 3701962 (C.D. Cal. Aug. 2, 2018); *Pasiecznik v. Home Depot U.S.A., Inc.*, 2021 WL 4272699, at *4 (D. Nev. Aug. 3, 2021), *report and recommendation adopted* 2021 WL 4268440 (D. Nev. Sept.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 21-01804-CJC(KESx)                          Date:  February 3, 2022
                                                         Page 3

---

19, 2021).  "District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e)."  *Walker v. Glob. Mail, Inc.*, 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021).

The Court hereby **ORDERS** Defendants, including the newly-named Defendants in Plaintiff's Second Amended Complaint, to show cause as to why this case should not be remanded to Orange County Superior Court for lack of subject matter jurisdiction. Defendants shall file a joint response to this Order by **February 21, 2022**.  Plaintiff shall file its own response by **February 28, 2022**.  Defendants shall file a joint reply by **March 7, 2022**.  The hearing on this issue is scheduled for **March 21, 2022 at 1:30 p.m.**

In light of this Order, the March 7, 2022 hearing set for AGS' second motion to dismiss (Dkt. 20) is hereby vacated and taken off calendar.  If necessary, the Court will set a new hearing date for the second motion to dismiss and a briefing schedule for the same after ruling on the jurisdictional issue identified in this Order.  In addition, the newly-named Defendants need not respond to Plaintiff's Second Amended Complaint until the jurisdictional issue identified in this Order has been resolved.  If necessary, the Court will issue a scheduling order regarding the newly-named Defendants' responses to Plaintiff's Second Amended Complaint.

gs

MINUTES FORM 11
CIVIL-GEN                                              Initials of Deputy Clerk RRP